IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Richard E. Harvey,

    Plaintiff,

v.

Case No. 2:08-cv-1002

Michael J. Astrue, Commissioner
of Social Security,

Judge Michael H. Watson
Magistrate Judge King

    Defendant.

## OPINION AND ORDER

Plaintiff in this action seeks review of the denial of his applications for disability insurance benefits and supplemental security income. In a *Report and Recommendation* issued January 25, 2010, the United States Magistrate Judge recommended that the decision of the Commissioner be affirmed and that this action be dismissed. *Report and Recommendation*, Doc. No. 15. This matter is now before the Court on plaintiff's objections to that recommendation, which the Court will consider *de novo*. 28 U.S.C. §626(b); F.R. Civ. P. 72(b).

The administrative law judge found that plaintiff had the residual functional capacity to perform a full range of medium exertion and, relying on the testimony of the vocational expert, also found that plaintiff is able to perform his past relevant work. Accordingly, the administrative law judge concluded that plaintiff was not disabled. In making these findings and reaching this conclusion, the administrative law judge relied on

the opinions of William Padamadan, M.D., who examined plaintiff at the request of the state agency and who concluded, based upon lack of clinical findings, that plaintiff had no limitation of physical activity. *See A.R.* 156-69. The administrative law judge also relied on the opinions of the state agency physicians, *see A.R.* 139-46, who concluded that plaintiff has the residual functional capacity to work at the medium exertional level. The administrative law judge rejected the opinions of one of plaintiff's treating physicians, Frederick Humphrey, D.O., who opined, in February 2008, that plaintiff could sit, stand or walk for no more than 2 hours in an 8-hour workday, A.R. 174-75. The administrative law judge also rejected the extremely restrictive residual functional capacity assessment of James E. Lundeen, M.D., who examined plaintiff in connection with his Workers' Compensation claim.

In proceedings before the Magistrate Judge, the plaintiff argued that the administrative law judge erred in (1) rejecting the opinions of Drs. Humphrey and Lundeen; (2) finding that the Medical-Vocational Guidelines did not direct a finding of disability, once plaintiff reached the age of 55; (3) his evaluation of plaintiff's credibility and subjective reports of pain; and (4) failing to secure the services of a medical expert at the administrative hearing. The Magistrate Judge rejected all of those contentions. Plaintiff renews the first three contentions in his objections.

The administrative law judge rejected the opinion of disability articulated by Dr. Humphrey, the treating physician whose opinion is entitled to great, if not controlling, weight. Plaintiff argues that Dr. Humphrey's opinion is not inconsistent with other substantial evidence in the record. However, as the administrative law judge and the Magistrate Judge noted, Dr. Humphrey's extremely restrictive residual functional capacity

2

assessment is supported by virtually no clinical findings or his own treatment records. Indeed, plaintiff does not argue to the contrary.

Instead, plaintiff contends that Dr. Humphrey's opinions are entitled to controlling or great weight because they are consistent with those of Dr. Lundeen, a non-treating examining physician. However, Dr. Padamadan, another non-treating examining physician, reported clinical findings, including good reflexes, strength and motor tests in all extremities, that were inconsistent with both Dr. Humphrey's and Dr. Lundeen's restrictive assessments. Contrary to plaintiff's contention, the fact that plaintiff refused to perform certain activities on testing by Dr. Padamadan, based on an articulated fear of pain, does not undermine the validity of this doctor's actual clinical findings.

This Court agrees that the analysis and assessment of the administrative law judge in this regard enjoys substantial support in the record.

Because the Commissioner's finding that plaintiff is able to perform work at a medium exertional level, plaintiff's contention that the Medical-Vocational Guidelines, *i.e.,* Rules 202.04, 202.06 require a conclusion of disability for claimants over 55 years of age who are restricted to no more than light exertion likewise fails.

Finally, the Court agrees that the administrative law judge's assessment of plaintiff's credibility and plaintiff's subjective complaints followed all proper standards and enjoys substantial support in the record.

Having reviewed the record in this action, the Court concludes that plaintiff's objections to the *Report and Recommendation* are without merit and they are therefore **DENIED**. The *Report and Recommendation*, Doc. No. 15, is **ADOPTED** and **AFFIRMED**. The decision of the Commissioner is **AFFIRMED**. This action is hereby **DISMISSED**.

The Clerk shall enter **FINAL JUDGMENT** pursuant to Sentence 4 of 42 U.S.C. §405(g).

/s/ Michael H. Watson
Michael H. Watson, Judge
United States District Court